No. 29,717.

J. W. Logerman and Eva G. Logerman, *Appellees*, v. Paul E. Wilson, Abe Kessler and Julius Ott, *Appellants*.

(295 Pac. 674.)

Opinion filed February 7, 1931.

*Jean Madalene* and *Clyde Hudson*, both of Wichita, for the appellants.
*Jessie D. Wall* and *John B. Bryant*, both of Wichita, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The action is one against each of the defendants as an individual to recover damages caused by digging ditches along the highway, which resulted in water overflowing lands owned by

the plaintiffs and other lands which they had rented, and destroying crops thereon. The defendants in their answer alleged that at the times referred to in the plaintiff's petition, they were the trustees of Park township in Sedgwick county, and what they did was done as such trustees and for that reason they were not liable for what had been done. Judgment was rendered in favor of the plaintiffs, and the defendants appeal.

The jury answered special questions, as follows:

"1. Did the defendant, Abe Kessler, in constructing the ditches complained of, act in his official capacity as township trustee? A. Yes.

"2. What do you find was the proximate cause of the injury sustained by the plaintiffs, if any? A. Excess water.

"3. In doing the act, which you find to be the proximate cause, did the defendant Kessler act in good faith? A. No.

"4. If you answer the foregoing questions 'No,' then state in what respect the defendants did not act in good faith. A. Negligence of duty.

"5. Would the injury complained of have occurred regardless of the digging of the ditches along the road by the defendants? A. No.

"6. If you answer the foregoing question 'No,' then state in feet or inches what greater depth of water overflowed plaintiffs' land at the time complained of than would have overflowed it if the ditches complained of had not been constructed. A. About eight inches.

"7. What percentage of the injury to crops and pasture was caused by water that exceeded the natural capacity of the watercourse on plaintiffs' farm? A. About 25 per cent.

"9. Itemize the amount of damages as to acreage and value of—

| | |
|---|---|
| (a) Wheat | $215.00 |
| (b) Corn | 43.00 |
| (c) Pasture | 15.00 |
| Interest | 27.00 |
| Total | $300.00 |

"10. Was the digging of the ditches along the road, and the manner of doing it, done with any intention other than to improve the public road? A. Yes."

At the close of the evidence for the plaintiffs, the defendants demurred thereto. That demurrer was overruled. After all the evidence had been introduced the defendants moved for an instructed verdict. That instruction was not given.

The defendants argue that there was no evidence fairly proving the essential facts alleged in the petition or essential to be found by the jury under the instructions as given. They say, "Where is there evidence in this record fairly and reasonably considered to sustain the following essential fact—that Kessler, trustee, acted in

bad faith?" and "There is no evidence to show that the defendants Julius Ott or Abe Kessler did any of the work complained of."

The defendants pleaded that what they did was done by them as officers of the township. All must have known what was done, and all participated therein. Upon the question of bad faith, the defendants in their brief set out the following:

"Witness Grandfield testified, 'I had a conversation with Paul Wilson shortly after his appointment and I told him at that time that I supposed since he had gotten appointed on the township board, that he would build roads and ditches to suit himself up around his place, and he said, "Why not?" that this was the way that all other officials did when they got on the board.'"

That, with other evidence introduced but not herein set out, was sufficient to justify the jury in finding that the defendants acted in bad faith. The jury found facts in answers to special questions. It must have received the information from the evidence on which to base those findings. There was evidence sufficient to establish the allegations of the petition, to sustain the answers of the jury to the special questions, and to support the judgment of the court.

The judgment is affirmed.